## PAUL *v.* RONEY *et al.*

Judgment against the mortgagor of personal property upon a garnishment sued out at the instance of a creditor of the mortgagee, and the pendency of another like garnishment not yet answered, will not, without respect to the amount of the claims covered by the garnishments, as compared with the amount due on the mortgage debt, necessarily negative the right of the mortgagee, or his assignee, to foreclose the mortgage and cause a seizure of the encumbered property. If the mortgage debt be payable by instalments, some of which are overdue and others not due, the foreclosure may, under §1965 of the code, embrace the whole, and execution may issue and be levied for the aggregate amount, the facts as to the maturity of a part and non-maturity of the residue being stated in the affidavit of foreclosure.

July 16, 1894.

Action for damages. Before Judge EVE. Richmond superior court. October term, 1893.

SALEM DUTCHER, for plaintiff. FLEMING & ALEXANDER and P. J. SULLIVAN, for defendants.

SIMMONS, Justice.

Roney, as transferee of Smith, held several promissory notes of Paul and a mortgage given by Paul on his stock in trade to secure the same. The notes were dated November 2d, 1892, and were payable respectively in one, two, three, four, five and six months after date. On January 24th, 1893, two of the notes then being past due, Roney made an affidavit to foreclose the mortgage and petitioned the court to control the surplus arising from the sale of the mortgaged property, so as to protect the lien of the mortgage as to that portion of the debt which was not yet due. The clerk of the superior court issued execution for the whole amount of the indebtedness, and placed it in the hands of the sheriff, who executed the same by levying upon the property described therein. Paul seeks in this action to recover against Roney and Smith for damages sus-

tained by reason of the levy, on the ground that the same was an abuse of legal process. It appears that subsequently to the giving of the notes and mortgage and before the foreclosure and levy, certain creditors of Smith, who had filed suits against him, obtained process of garnishment against Paul, and judgment was taken against him as garnishee in one of these suits All these claims, however, were bought by Roney and the garnishments dismissed before he proceeded to foreclose the mortgage, but no notice of this was given to Paul until after the levy. It was contended in the present case that Paul was entitled to have notice of the dismissal of the garnishments, and of who owned the notes, before he could be legally proceeded against as for a default in payment; also, that the mortgage could only be foreclosed for the amount due at the time of foreclosure; and that for Roney to proceed as he did was an abuse of legal process.

It does not appear from the record that the claims of Smith's creditors covered by the garnishments against Paul were equal in amount to Paul's indebtedness upon the notes secured by the mortgage. For aught that appears, even if Paul had been required to pay the claims of these creditors in full, he might still have remained indebted upon the mortgage. If this was so, the judgment against him in favor of one of the creditors and the pendency of such garnishments would not preclude a foreclosure of the mortgage and the seizure of the mortgaged property. The mortgagee is not compelled to postpone the enforcement of his lien for the amount due him upon the mortgage indebtedness, simply because some portion of the indebtedness has been subjected to the claims of his creditors by process of garnishment against the mortgagor. Nor is he precluded from foreclosing the mortgage because the debt is payable in instalments some of which are not yet due.

Under section 1965 of the code, the foreclosure may embrace instalments not due, as well as those which are overdue, and execution may issue and be levied for the aggregate amount, the facts as to maturity of a part and non-maturity of the residue being stated in the affidavit of foreclosure. Upon the state of facts disclosed by the record, we hold that the court below did not err in granting a nonsuit. *Judgment affirmed.*